*In re* MACDONALD'S ESTATE.

COURTS—APPEAL FROM PROBATE COURT—STIPULATIONS—EFFECT—
JURISDICTION.

> Where a claim against an estate is filed in the probate
> court, and, after its disallowance upon the claimant's de-
> fault, a stipulation is entered into between claimant and
> the executrix and the residuary legatee that the estate
> may be settled and closed and that the executrix and
> residuary legatee will personally assume the payment of
> the claim, subject to the prosecution, appeal and final dis-
> position in the usual manner of the claim the same as
> though such stipulation had not been made, and the estate
> is thereupon settled and closed, and an appeal from such
> disallowance to the circuit court is perfected, the circuit
> court has no jurisdiction to remand the claim to the pro-
> bate court for the purpose of amendment of the claim.[1]

Certiorari to Delta; Flannigan, J. Submitted April
18, 1917. (Docket No. 84.) Decided May 31, 1917.

James H. MacDonald presented his claim for ser-
vices against the estate of Vilna I. MacDonald, de-
ceased. The claim was disallowed by the commission-
ers, and claimant appealed to the circuit court. From
an order remitting the cause to the probate court for
further proceedings, Flora B. Holt, executrix of the
estate of said deceased, brings certiorari. Reversed.

*G. R. Empson* and *S. M. Matthews* (*William C.
Quarles,* of counsel), for appellant.

*A. H. Ryall* (*Martin, Martin & Martin,* of counsel),
for appellee.

STONE, J. Flora B. Holt is the executrix and resid-
uary legatee under the last will and testament of

---

[1] On conflict of laws as to gambling and lottery contracts gen-
erally, see notes in 64 L. R. A. 161; 46 L. R. A. (N. S.) 650.

Vilna I. MacDonald, deceased. It appears that said will was duly allowed for probate in the probate court of Delta county, and while said estate was being administered in said court, and on February 20, 1915, James H. MacDonald filed a claim for $100,000 in and against the said estate, alleging that there was an oral contract between himself and the said Vilna I. MacDonald to the effect that, if he would aid and assist her in connection with her affairs and property during her lifetime, he would be left by her a large and substantial portion of her estate; that, relying on said promises, claimant performed numerous services for said Vilna I. MacDonald during each and every year from and after January, 1889, up to the time of her death in the fall of 1914. The particulars of this claim are fully set forth in the record, but we do not deem it necessary to repeat them here. The executrix filed her written objection to the allowance of said claim. Commissioners on claims were duly appointed.

On March 22, 1915, said claim came on for hearing before said commissioners, but neither said claimant nor any one for him having appeared at said hearing, and no evidence being introduced to support said claim, the commissioners on claims disallowed the claim of the said James H. MacDonald against said estate. Affairs being in this condition, the following stipulation was duly made and filed in said estate on said March 22d, viz.:

"STATE OF MICHIGAN.
"The Probate Court for the County of Delta.
"In the Matter of the Estate of Vilna I. MacDonald, deceased.
"It is hereby stipulated by and between James R. MacDonald, of Escanaba, Michigan, claimant, against said estate, and his attorney, and Flora B. Holt, executrix of said estate, and her attorneys, that said estate may be settled and disposed of according to law. But

nothing done hereunder shall in any wise operate to prevent the prosecution, appeal, and final disposition in the usual manner of the claim of claimant against said estate, the same as though this stipulation had not been executed."

Upon the same day a contract was entered into by and between the said claimant and the said executrix for the closing of said estate, whereby it was agreed that said Flora B. Holt individually assumed a primary liability for any amount which might be finally determined to be due said claimant on the claim filed by him against the estate of Vilna I. MacDonald, deceased, and for the consideration mentioned in said agreement, that said estate might be settled and disposed of according to law, nothing contained in said agreement, however, to operate to prevent the prosecution, appeal, and final disposition of said claim against said estate, except that any judgment should be enforced against the said Flora B. Holt individually. It further appears that said estate was, by an order of the probate court, duly closed on April 19, 1915. On April 10, 1915, said James H. MacDonald made application for an appeal to the circuit court for said county from the decision of said commissioners disallowing his claim against said estate, and on April 12, 1915, an order was duly entered in said estate allowing said appeal.

On October 20, 1915, said Flora B. Holt, by her attorney, filed a motion in the circuit court to require claimant to furnish a more specific statement of his account, which motion was granted, and on November 6, 1915, claimant, by his attorney, filed a more specific statement of claim, which appears in the record.

On April 25, 1916, said case came on to be heard, and a jury having been duly impaneled, and the attorney for claimant having made his opening statement to the jury, and having offered to introduce evi-

dence, the said Flora B. Holt objected to the introduction of any evidence for the following reasons:

"(1) That the contract as filed in this court is too indefinite and uncertain to be made the basis of a recovery.

"(2) That the contract stated and alleged in this claim is void under the statute of frauds.

"(3) That the claim does not constitute or state a cause of action."

The trial court entered an order reciting the proceedings and concluding as follows:

"And the said claimant and appellant having asked leave of court to amend his claim therein, and it further appearing that said cause should be remitted to the probate court for the county of Delta for further proceedings, in order to allow the said claimant to apply to said probate court for leave to amend his said claim heretofore filed in this cause, and it appearing to the court that said leave should be granted, and that said cause be remitted in accordance with the provisions of the statute in such case made and provided, it is therefore ordered by the court that the said cause be, and the same is hereby, remitted to the probate court for the county of Delta for further proceedings in order that claimant and appellant, James H. MacDonald, may apply to said court for leave to amend his claim heretofore filed in this cause, and that the said jury be discharged from further consideration of this case, and that the same be certified accordingly."

Exception was taken by said Flora B. Holt to the entry of said order for the following reasons:

(1) That the entry of said order was entirely irregular and void.

(2) That the court had no jurisdiction to enter said order.

(3) That the entry of said order was not according to law.

(4) That the said claimant had his day in the probate court and failed to take advantage of it, and should not be permitted to advantage by his neglect.

After a motion to vacate said order, and a denial thereof, the said Flora B. Holt applied for the writ of certiorari, alleging that the trial court erred in not proceeding to the trial and determination of said appeal, and in entering the order remitting said cause to the probate court for further proceedings in order that said claimant might apply to the probate court for leave to amend his claim. The writ of certiorari was allowed.

We are of the opinion that by virtue and in pursuance of the agreement and stipulation of the parties the estate was closed in the probate court, and the trial court erred in remitting or remanding the case to that court; that by reason of the agreement and stipulation the probate court was closed to these parties, and they should be held to performance of their agreement; that because of the agreement and stipulation the usual rule refusing the amendment of claims in the circuit court, on appeals from the probate court, is not applicable here, and, the parties having by stipulation and agreement selected the forum in which the case should be tried, to wit, the circuit court, that court has the power to make any and all amendments necessary to the proper disposition of the case upon its merits.

The order remitting or remanding the case to the probate court was erroneous, and should be vacated.

The order of the circuit court is reversed.

KUHN, C. J., and OSTRANDER, BIRD, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.